## UNITED STATES v. B. F. STURTEVANT CO. et al.

### No. 3333.

Circuit Court of Appeals, First Circuit.

Sept. 27, 1938.

Frederic G. Rita,. Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., on the brief), for the United States.

Philip Nichols, of Boston, Mass., (Joseph A. Boyer, of Boston, Mass., on the brief), for appellees.

Before WILSON and MORTON, Circuit Judges, and MAHONEY, District Judge.

WILSON, Circuit Judge.

This is an appeal by the United States from a judgment in favor of the plaintiffs in a tax case. The first point is whether the two appellees were entitled to file a consolidated return under the Revenue Act of 1918, Sec. 240 (40 Stats. 1057, 1081), for the year ending June 30, 1920. The government now contends that the Aeroplane Company was not entitled to join with the Sturtevant Company in doing so. The statute provides that corporations which are affiliated shall make a consolidated return of net income and invested capital and the taxes shall be computed on the basis of such return. Affiliates were not to be included in a consolidated return if organized, after August 1, 1914, "and not a successor to a then existing business." The Sturtevant Aeroplane Company was organized in 1915. The disputed question is whether it was "successor to a then existing business." (Sec. 240(a). The District Judge found that it was, and therefore was entitled to be included in a consolidated return with the Sturtevant Company.

The government contends that upon a proper interpretation of the statute there was no evidence in support of this finding.

The facts are simple. The Sturtevant Company as early as 1909 began the design, manufacture and sale of "aeroplane" motors and equipment,—rather pioneering work at that time. The business grew and was carried on until 1915 as a branch of the Sturtevant Company. In 1915 this branch was organized as a separate corporation, the Sturtevant Aeroplane Company; certain persons formerly employed in this branch of the Sturtevant Company went over to the new company. The new company continued the business of selling and installing aeroplane motors manufactured by the Sturtevant Company. Under date of December 16, 1921, the Commissioner of Internal Revenue advised the Sturtevant Company that for the fiscal years ending June 30, 1917, 1918 and 1919 consolidated returns should be filed which included the Aeroplane Company; and under date of March 27, 1922, he advised the Sturtevant Company that similar consolidated returns should be filed for the years 1920 and 1921. This was the departmental view of the matter until the Spring of 1934, a period of about thirteen years. The District Court found that, "In litigation involving taxes for other years the Board of Tax Appeals had adjudged the corporations as affiliated."

The government's present contention involves a complete repudiation of this position. It now contends that the orders made in 1921 and 1922 for consolidated returns by the Sturtevant Company and the Aeroplane Company were wrong because the Aeroplane Company was not the successor of an existing business; that under the statute a business cannot be regarded as "successor" to another business unless the latter was an independent business unit; that the transfer of part of a larger business to a separate organization does not make the latter a "successor" to the business formerly carried on by the department transferred. The question appears to be one of the first impression; no decisions on the statute are referred to. The word "successor" has been held to be a term "of the most general signification." "Both from reason and authority we conclude that a grant to a corporation and its successors is a phrase to be interpreted according to the surrounding circumstances. There can be no doubt that one corporation

74

may be the successor of another, although there is neither a merger nor a technical consolidation." Hough, J., Dunkley Co. v. California Packing Corp., 2 Cir., 277 F. 996, 999. "The word 'successor,' employed in contracts and statutes, has no fixed meaning. A corporation may be considered the successor of another, although both retain their corporate identity, dependent upon the facts and surrounding circumstances, and this status may exist in the absence of either an amalgamation, merger or technical consolidation." Looney, J., North Texas National Bank v. Thompson, Tex.Civ.App., 23 S.W.2d 494, at page 499.

The statute requires succession to an "existing business." The use of this broad and indefinite term, instead of something more specific, emphasizes the indefinite character of what is intended to constitute succession. If it had been intended that an "existing business" under the statute should be an independent business unit it would have been easy and natural to say so. We think that a department in a larger corporation devoted to a particular line of manufacture or sales separable from the general business of the corporation, constitutes an "existing business" within this statute. This was the view first taken by the department. It was adhered to for thirteen years, and was doubtless applied in a large number of cases. Reversal of a departmental ruling on such a point after many years is apt to work great injustice and ought not to be supported unless the earlier view was plainly untenable.

The other question argued concerns the accuracy of the amount of overpayment for which judgment was entered. The trial involved two principal questions, (1) the question of affiliation which has been referred to, (2) the correct valuation of the patents. The year actually involved is that ending June 30, 1920; but the three years preceding 1920 and two subsequent years were brought into the account. The returns for the earlier years were at first made separately by the Sturtevant Company and the Aeroplane Company. As has been stated it was not until December, 1921 and March, 1922 that consolidated returns were ordered by the Bureau.

A deep disagreement developed between the tax officials and the Sturtevant Company as to the correct valuation of the company's patents and the correct amortization of them. The decision of the Board of Tax Appeals rendered in deficiency proceedings upheld the Commissioner's valuation of the patents at $100,000. It was set aside by this court (B. F. Sturtevant Co. v. Commissioner, 1 Cir., 75 F.2d 316) and the case remanded for further hearing. This same question was heard by Judge Brewster in the present case on the claims for refund. He found that the patents had a value of $750,000, and this finding is not now objected to. The findings as to affiliation and value were basic elements in computing the amount of alleged overpayment. After these had been decided, the parties still not being able to agree, there was a further hearing on petitioner's motion to determine the amount for which judgment for the petitioners should be entered. The parties submitted their respective figures and Judge Brewster after examining them and hearing argument upon them entered the judgment which is appealed from. No requests were presented for findings of fact on the amount of the judgment or on the separate items which entered into it. These computations are not now before us. Counsel for the government objected to the entry of any judgment for the petitioners upon the ground, inter alia, "that no evidence had been adduced by the petitioners to show what portion, if any, of the tax claimed by petitioners to have been paid by Sturtevant Aeroplane Company as its income and war profits taxes for the calendar year 1919 was applicable to the period July 1, 1919 to December 31, 1920." The court rejected the government's computations and adopted those of the petitioners.

The assignment of error now relied on is as follows: "12. The court erred in making its order of September 13, 1937, that judgment for the petitioners be entered herein in the principal amount of $51,754.72 together with interest, because there is no evidence in the record which establishes, or tends to establish, what part of the amount, if any, paid by Sturtevant Aeroplane Company as its income and war profit taxes for the calendar year 1919 was applicable to the period July 1, 1919, to December 31, 1919, and so allocable to the payment of petitioners' taxes for the period July 1, 1919, to June 30, 1920." This assignment presents no question of law. The record does not show how the final result was reached. It might well require careful and skillful calculation. There is no finding,—and we are unable to say;—

to what extent, if any, the tax paid by the Aeroplane Company in the second half of 1919 (June to December 31) entered into the judgment. On the record before us it must be assumed that there was evidence which supported the judgment.

The judgment of the District Court is affirmed.